1
2
3
4
5
6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

| | | |
|---|---|---|
| JOSEPH KEEL, | ) | No. C 13-3536 LHK (PR) |
| Petitioner, | ) | |
| | ) | ORDER OF DISMISSAL |
| v. | ) | |
| | ) | |
| WARDEN R.T.C. GROUNDS, | ) | |
| Respondent. | ) | |
| | ) | |

14
15
16
17
18

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  For the reasons state below, the

20  petition is DISMISSED.

21                                    **DISCUSSION**

22  **A.**     <u>**Standard of Review**</u>

23          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

24  custody pursuant to the judgment of a state court only on the ground that he is in custody in

25  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose*

26  *v. Hodges*, 423 U.S. 19, 21 (1975).

27          A district court shall "award the writ or issue an order directing the respondent to show

28  cause why the writ should not be granted, unless it appears from the application that the

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Keel536dis.wpd

1    applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

2    **B.    Petitioner's Claims**

3          Petitioner argues that the trial court violated his rights by imposing restitution before

4    considering whether petitioner had any ability to pay it.  However, because this claim does not

5    go to the fact or length of petitioner's incarceration, it is not a proper ground for federal habeas

6    relief.

7          The federal habeas statute does not provide jurisdiction over a claim challenging a

8    restitution order, even when the petitioner is incarcerated.  *Bailey v. Hill*, 599 F.3d 976, 980 (9th

9    Cir. 2010).  In *Bailey*, the petitioner pleaded guilty and was ordered to pay restitution.  He filed a

10   section 2254 petition alleging that his counsel provided ineffective assistance by not objecting to

11   the restitution order.  The Ninth Circuit affirmed the dismissal of the petition on the ground that

12   the petitioner did not meet section 2254's "in custody" requirement for jurisdiction.  *Id.*  The

13   Ninth Circuit concluded that section 2254 does not confer jurisdiction over a state prisoner's

14   in-custody challenge to the non-custodial portion of his criminal sentence, such as a restitution

15   order.  *Id.* at 981.

16         Here, petitioner challenges only the restitution fine imposed.  Petitioner does not allege

17   that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28

18   U.S.C. § 2254.  Petitioner does not claim that his custody or conviction is unlawful.  Thus, this

19   court lacks jurisdiction to consider petitioner's challenge to the restitution order imposed by the

20   trial court.

21                                   **CONCLUSION**

22         The instant habeas petition is DISMISSED.

23         The federal rules governing habeas cases brought by state prisoners require a district

24   court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its

25   ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  Petitioner has

26   not shown "that jurists of reason would find it debatable whether the petition states a valid claim

27   of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

28   Accordingly, a COA is DENIED.

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Keel536dis.wpd          2

1        The Clerk shall close the file.

2        IT IS SO ORDERED.

3   DATED: _____            *Lucy H. Koh*

4                                       LUCY H. KOH
                                        United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28